[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of appellees Pepsi-Cola General Bottlers of Ohio, Inc., and Pepsi-Cola General Bottlers, Inc. For the reasons which follow, this court affirms the judgment of the trial court.
Appellants set forth the following assignment of error:
 "ASSIGNMENT OF ERROR: The Trial Court Erred By Granting Summary Judgment For The Defendants Because Reasonable Minds Could Find Defendants Unjustly Acquired Plaintiffs' Distributorship Routes Without Paying For Them And No Express Contract Controls."
The undisputed facts that are relevant to the issues raised on appeal are as follows. As of November 1990, appellants Albert Wonderly, Daniel Wonderly, Richard Wright, William Harrison and William Rechter, Jr., were independent authorized distributors of Pepsi products under written contracts with Pepsi-Cola General Bottlers of Toledo, Inc. (Harrison) and Pepsi-Cola General Bottlers of Bryan, Inc. (all other appellants). The contracts were terminable as of February 28, 1991 or at any time thereafter upon ninety days' notice. On November 30, 1990, Pepsi-Cola General Bottlers, Inc. ("Pepsi General"), which owned Pepsi of Bryan and Pepsi of Toledo, gave appellants ninety days' notice that the existing contracts would terminate effective February 29, 1991. Also on November 30, 1990, Pepsi General gave each appellant a copy of a new contract ("the new agreement") which, if signed, would become effective March 1, 1991 between appellants and Pepsi-Cola General Bottlers of Toledo, Inc. ("Pepsi of Toledo"). Pepsi-Cola General Bottlers of Bryan, Inc. was not a signatory to any of the new agreements. Pursuant to the new agreements, appellants would provide distribution, delivery and market representation for Pepsi products sold out of the Pepsi facility in Bryan, Ohio, in exchange for a commission. Importantly, the new agreements contained a clause which stated that "[t]his Agreement may not be assigned by either Company or Distributor."
Nearly two years later, in December 1992, several Pepsi-affiliated companies, including Pepsi-Cola General Bottlers of Bryan, Inc. ("Pepsi of Bryan") and Pepsi of Toledo, agreed to merge into Pepsi of Bryan, which was then renamed Pepsi-Cola General Bottlers of Ohio, Inc. ("Pepsi of Ohio"). Business continued as usual until March 11, 1994, when the decision was made to close the Bryan facility and consolidate it into the Toledo facility. On March 11, 1994, Pepsi of Ohio gave sixty days' notice to appellants, all of whom were based out of the Bryan facility, of its intent to terminate the new agreements effective May 14, 1994. Pursuant to the termination provision of the new agreements, Pepsi of Ohio offered to pay appellants the fair market value of their trucks and other equipment. On May 6, 1994, appellants filed a complaint in which they asked the trial court to declare the rights and obligations of the parties under the new agreements. Specifically, appellants asked the trial court to declare: 1) that the new agreements between appellants and Pepsi of Toledo terminated upon the 1992 merger that created Pepsi of Ohio; 2) that appellees did not acquire any rights under the new agreements; 3) that since the merger, the parties had been operating under an oral distributorship contract, the terms of which required appellees to compensate appellants for the fair market value of their distributorships upon termination. Appellants further asserted a claim of unjust enrichment in which they alleged that appellees were "attempting to enforce a termination clause under a prior, non-existent written agreement which will allow [appellees] to retain the fruits of [appellants'] marketing and sales efforts and increased customer goodwill at a nominal cost."[1]
On February 22, 1996, appellees filed a motion for summary judgment. In support of their motion, appellees asserted: that there was no contractual support for appellants' argument that an oral agreement existed at any time and that Pepsi of Ohio therefore was obligated to pay fair market value for the distribution routes; that the new agreements did survive the merger, with Pepsi of Ohio becoming a party to those agreements and assuming Pepsi of Toledo's rights thereunder, including the right to terminate the contracts as it did; and that, as to the issue of unjust enrichment, when an express contract exists between the parties the doctrine of unjust enrichment is inapplicable and that appellants offered no evidence to establish the elements of such a claim.
On April 10, 1997, the trial court filed its judgment entry in which it granted appellees' motion for summary judgment. In relevant part, the trial court found that the non-assignability clause of the new agreements did not specifically prohibit assignment by merger and that the new agreements therefore survived the merger. As to appellants' unjust enrichment claim, the trial court found that because the new agreements remained in effect after the merger, this claim was barred.
In their sole assignment of error, appellants assert that there was a question of fact as to whether the anti-assignment clause prohibited all transfers, including mergers, and if so, whether the merger was a material breach of the new agreements. Appellants argue that the parties were operating without an express contract because the new agreements terminated upon the merger. Appellees respond that the new agreements survived the merger because Pepsi of Ohio assumed Pepsi of Toledo's rights pursuant to the merger.
In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
Words in a contract must be given their plain and ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the document. Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241. Appellants offer no support for their argument that the term "assignment," as it is plainly and ordinarily understood, includes "merger." They appear to be arguing that an ambiguity is created by virtue of an omission, which is rather absurd, since every contract ever written obviously could be challenged on the basis that something was omitted.
It is undisputed that the 1990 new agreements prohibited assignments thereof. The agreements did not define "assignments" and, significantly, did not contain any language relevant to or prohibiting "mergers." The transaction which transpired in December 1992 was clearly a merger — four entities which had entered into the new agreements (Pepsi of Toledo, Bryan, Lima and Dover) merged into Pepsi-Cola General Bottlers of Bryan, which at the same time was renamed Pepsi-Cola General Bottlers of Ohio, Inc. — and this court finds therefore that the merger was not prohibited by the new agreements. We note that in Middendorfv. Fuqua (C.A. 6, 1980), 623 F.2d 13, the court examined a merger much the same as this one and found that when the original corporation was merged into a second corporation, the effect was to transfer the rights and liabilities of the contract under which the original corporation was operating to the newly formed corporation by operation of law and not by assignment. Similarly, in this case, the effect of the merger was to transfer the agreements by operation of law, not by assignment. Accordingly, we find that the new agreements were not breached and, since the agreements remained in effect, appellees could terminate them pursuant to the specified terms.
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that there exists no genuine issue of material fact and, when construing the evidence that was before the trial court most strongly in favor of appellants, reasonable minds can only conclude that: 1) the December 1992 transaction was a merger; 2) the non-assignability clause in the new agreements did not prohibit mergers; 3) the new agreements survived the 1992 merger; and 4) appellees therefore are entitled to summary judgment as a matter of law. Accordingly, appellants' sole assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] The complaint contained additional allegations not relevant to this appeal, several of which were eventually dismissed by the time the third amended complaint was filed on April 17, 1996.